WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arthur Truman Thomas,<br><br>    Petitioner,<br><br>v.<br><br>David Shinn, et al.,<br><br>    Respondents. | No. CV-21-01238-PHX-JJT (MHB)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE JOHN J. TUCHI, UNITED STATES DISTRICT COURT JUDGE:

On July 15, 2021, Petitioner Arthur Truman Thomas., who is confined in the Arizona State Prison, Eyman/Cook Unit, Florence, Arizona, filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (hereinafter "habeas petition")[1] (Doc. 1.) On September 10, 2021, Respondents filed a Limited Answer. (Doc. 8.) On September 29, 2021, Petitioner filed a Reply. (Doc. 9.)

**STATE PROCEDURAL BACKGROUND**

On October 19, 2007, Petitioner was indicted in the Maricopa County Superior Court, State of Arizona, on five counts of child molestation, class 2 felonies (counts 1, 2, 4, 6, 10), one count of furnishing obscene or harmful items to minors, a class 4 felony

---

[1] Petitioner deposited his habeas petition in the prison mailing system on July 15, 2021. That is the operative date of filing, although the motion was not docketed until July 16, 2021. See, Huizar v. Cary, 273 F.3d 1220, 1223 (9th Cir. 2001) (applying "prison mailbox rule" in construing filing date).

(count 3), four counts of sexual conduct with a minor, class 2 felonies (counts 5, 7, 11, 12), one count of sexual exploitation of a minor, a class 2 felony (count 8), and three counts of surreptitious photographing, videotaping, filming or digitally recording, class 5 felonies (count 9, 13, 14). (Doc. 8, Exh. B.) On January 30, 2009, Petitioner pleaded guilty pursuant to a plea agreement in which he agreed to plead guilty to counts one, two and five, as amended to attempted child molestation, class 3 felonies and dangerous crimes against children, and count eleven, sexual conduct with a minor under age 15, a class 2 felony and dangerous crime against children. (Id., Exhs., D, E.) The plea agreement contained a stipulation that Petitioner be sentenced to 24 years in prison on count eleven, with lifetime probation on the remaining counts, to follow upon his release from prison on count eleven. (Id., Exh. D.) On May 19, 2009, Petitioner was sentenced consistent with the plea agreement to 24 years in prison on count eleven, to be followed by lifetime probation on counts one, two and five. (Id., Exh. H.) Petitioner thereafter signed a Notice of Rights of Review After Conviction and Procedure, which set forth his right to seek post-conviction relief, the procedure for doing so, and the deadline for filing. (Id., Exh. G.)

On August 28, 2020, over ten years later, Petitioner filed a petition for a writ of habeas corpus in state court. (Doc. 8, Exh. J.) Petitioner claimed in his petition that he was "illegally confined and restrained" because he was charged by indictment with violating A.R.S. § 13-604.01, which was "recognized as unconstitutional by the judicial branch of Arizona's government and repealed in 2008." (Id. at 2.) On September 30, 2020, the trial court denied relief, finding that "no legal basis exists to grant the requested relief." (Id., Exh. K.) Petitioner appealed the trial court's decision to the Arizona Court of Appeals, raising the same issue. (Id., Exhs. L, M, N.) The appellate court affirmed the trial court's decision in a Memorandum Decision. (Id., Exh. O.) Petitioner filed a petition for review in the Arizona Supreme Court, which was summarily denied on June 30, 2021. (Id., Exhs. P, Q.)

On July 15, 2021, Petitioner filed his habeas petition in this Court, in which he raises one issue. Petitioner asserts that he is restrained/confined in violation of the Constitution

and laws of the United States and the State of Arizona, as the indictment against Petitioner was unconstitutional and void, rendering the state court without subject matter jurisdiction. Respondents assert that Petitioner's habeas petition is untimely and that his claim is procedurally defaulted.

**DISCUSSION**

I.  Statute of Limitations.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that a one-year statute of limitations period shall apply a petition for a writ of habeas corpus by a person in state custody. See, 18 U.S.C. § 2254(d)(1).  The limitations period runs from the latest of, as is relevant here, the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review becomes final.  18 U.S.C. § 2254(d)(1)(A); see Lott v. Mueller, 304 F.3d 918, 921 (9th Cir. 2002). Petitioner was sentenced on May 19, 2009. Thereafter, Petitioner had 90 days to initiate post-conviction proceedings. See Ariz. R. Crim. P. 32.4(a) (requiring a defendant who pleaded guilty to file notice of an "of-right proceeding" within 90 days after judgment and sentence).  Because Petitioner did not initiate post-conviction proceedings, his convictions and sentence became final 90 days later, on August 17, 2009, and the one-year deadline for filing a federal habeas petition began the next day and elapsed on August 18, 2010. See, Summers v. Schiro, 481 F. 3d 710, 711 (9th Cir. 2007).  Petitioner filed his habeas petition over 10 years after the statute of limitations had expired.

The time that a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claims is pending shall not be counted toward" the limitations period.  28 U.S.C. § 2244(d)(2). A state proceeding initiated after the expiration of the statute of limitations does not reset the one-year clock. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).

Petitioner does not dispute the aforementioned procedural facts but asserts that the one-year limitations period may alternatively commence on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise

of due diligence." 28 U.S.C. § 2244(d)(1)(D). Petitioner claims that this statutory section applies in his case. The factual predicate that Petitioner states as the basis for his claim is as follows:

> the Hon. Judge Richard D. Nichols' signed statement which reads "A.R.S. 13-604 is in its entirety was recognized as unconstitutional in 2008 in an unreported Arizona case. The legislature attempted once more to supplant the use of Hannah priors when it enacted A.R.S. 13-702.01 and 13-702.02; however, both of these statutes were also found unconstitutional and were repealed on January 1, 2009."

(Doc. 9 at 2.)

Petitioner fails to cite a case or any other published authority in which "the Hon. Judge Richard D. Nichols' signed statement" appears. Neither does he provide a date that such alleged statement first appeared in a publication. Thus, Petitioner does not establish a factual predicate, much less the date on which it was discovered, to support his claim. Additionally, even if Petitioner could cite a legal opinion, a legal decision in an unrelated case does not constitute a "factual predicate" of a claim. See Shannon v. Newland, 410 F.3d 1083, 1088-89 (9th Cir. 2005) (rejecting argument that state court decision in a case "unrelated to [the petitioner's] case" could form the factual predicate' of a claim under 2244(d)(1)(D)). Petitioner fails to establish that the provisions of 28 U.S.C. § 2244(d)(1)(D) apply to the circumstances of his case. Thus, Petitioner's habeas petition, filed over 10 years after his judgment of conviction became final, is untimely under AEDPA's one-year statute of limitations.

The statute of limitations may however be equitably tolled if "(1) the petitioner has diligently pursued his rights, and (2) extraordinary circumstances exist." United States v. Aguirre-Ganceda, 592 F.3d 1043, 1045 (9th Cir. 2010) (citing Pace v. DiGuglielmo, 544 U.S.408, 418 (2005)). The burden of establishing entitlement to equitable tolling is on Petitioner. Pace, 544 U.S. at 418. Equitable tolling is available "only when extraordinary circumstances beyond a prisoner's control make it *impossible* to file a petition on time and the extraordinary circumstances were the *cause* of [the petitioner's] the untimeliness." Bills v. Clark, 628 F.3d 1092 (9th Cir. 2010) (emphasis in original) (internal quotes and

citation omitted).

Petitioner claims that the indictment against him was defective because he was charged under A.R.S. § 13-604.01, and that this statute was found unconstitutional in 2009. (Doc. 9 at 5.) The indictment against Petitioner was returned in 2007, and thus, Petitioner would have been on notice of his claim just two years later. (Doc. 9, Exh. B.) Petitioner did not initiate post-conviction proceedings in state court until 2020. This Court finds that Petitioner has not demonstrated that he acted with due diligence in pursuing his claim or that extraordinary circumstances exists that would entitle him to equitable tolling of the statute of limitations, and thus Petitioner's habeas petition is untimely without excuse[2].

## CONCLUSION

Having determined that Petitioner's habeas petition is untimely, without excuse, the Court will recommend the petition be denied and dismissed with prejudice.

**IT IS THEREFORE RECOMMENDED** that Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) be **DENIED and DISMISSED WITH PREJUDICE**;

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections

---

[2] As this Court has determined that Petitioner's habeas petition is untimely and without excuse, it declines to address Respondents' additional affirmative defense of procedural default.

to the Report and Recommendation may not exceed seventeen (17) pages in length. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. See Rule 72, Federal Rules of Civil Procedure.

Dated this 30th day of November, 2021.

Honorable Michelle H. Burns
United States Magistrate Judge