IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arthur Truman Thomas, | No. CV-21-01238-PHX-JJT (MHB) |
| Petitioner, | **ORDER** |
| v. | |
| David Shinn, *et al.*, | |
| Respondents. | |

At issue is the Report and Recommendation (Doc. 10, "R&R") submitted in this matter by United States Magistrate Judge Michelle H. Burns, recommending the Court deny and dismiss with prejudice the Petition for Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2254 (Doc. 1). Petitioner filed timely an objection to the R&R (Doc. 11), to which Respondents timely replied (Doc. 13). The Court will adopt the R&R and dismiss with prejudice the Petition.

In the R&R, Judge Burns correctly analyzes that the Petition is more than ten years untimely, not statutorily tolled and without excuse sufficient to justify equitable tolling. Petitioner was sentenced in the underlying matter on May 19, 2009. Thereafter he had 90 days—until August 17, 2009—to initiate postconviction proceedings. Petitioner did not so initiate any proceedings in the state court, and so his conviction became final as of that date for purposes of commencing running of the limitations period for federal habeas relief *per* 28 U.S.C. § 2254(d)(1). He therefore had until August 17, 2010, to file a petition for *habeas* review in this Court. He did not do so until July 15, 2021—nearly eleven years too late.

Although Petitioner filed for post-conviction review in the state court on August 28, 2020, that filing was also untimely by more than ten years under Arizona law and thus did not statutorily toll the limitations period for federal *habeas* review. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

Judge Burns also correctly concluded that Petitioner does not present evidence sufficient to trigger statutory tolling for later discovery of "the factual predicate" of his claim delayed despite "the exercise of due diligence" on Petitioner's part pursuant to 28 U.S.C. § 2254(d)(1)(D). In other words, Judge Burns correctly found Petitioner had not shown due diligence in his failure to discover, until 2020, a purported change in law that occurred in 2009, despite the purported repeal of state statutes being published and readily available since that date. For the same reason, Judge Burns correctly found that Petitioner could not qualify for equitable tolling of the habeas limitations period due to his failure to show he diligently pursued his rights. *United States v. Aguirre-Ganceda*, 592 F.3d 1043, 1045 (9th Cir. 2010).

In his Objection, as in his Petition and Reply, Petitioner asserts that on August 25, 2020, he discovered a "signed statement" from the Hon. Richard D. Nicholes," whom Petitioner identifies as an Arizona Superior Court Judge, purportedly supporting his contention that his conviction was based on a statute that was repealed January 1, 2009, and therefore unconstitutional. His argument that the *habeas* limitations period should have been tolled until that date of discovery of the "signed statement" is unpersuasive. First, Petitioner fails to produce or even cite the "signed statement," leaving the Court to take on faith its foundation, authenticity and purported content. More importantly, even if such document is as Petitioner purports, and its content is as represented, the fact that Petitioner did not encounter it until August of 2020 does not excuse his lack of diligence in failing to uncover the repeal of a statute that has been open and notorious since January 2009. Plainly and simply, Petitioner is more than ten years too late without cognizable excuse, as Judge Burns concluded.

. . . .

1    **IT IS ORDERED** overruling Petitioner's Objections (Doc. 11) and adopting in whole the R&R (Doc. 10) submitted by Judge Burns in this matter.

**IT IS FURTHER ORDERED** denying and dismissing with prejudice the Petition for Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2254 (Doc. 1).

**IT IS FURTHER ORDERED** denying a certificate of appealability and leave to proceed *in forma pauperis* on appeal. Dismissal of the Petition is justified by a plain procedural bar, and jurists of reason would not find the procedural ruling debatable. The Clerk of Court shall terminate this matter.

Dated this 28th day of January, 2022.

Honorable John J. Tuchi
United States District Judge